UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALFREDO INGLESIAS,

        Petitioner,               FILE NO. 2:06-CV-247

v.                                  HON. ROBERT HOLMES BELL

BARRY D. DAVIS,

        Respondent.
_____/

**OPINION ADOPTING REPORT AND RECOMMENDATION**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation ("R&R"), recommending that this Court deny the petition (docket #8). The matter presently is before the Court on Petitioner's objections to the R&R (docket #9). For the reasons that follow, Petitioner's objections are rejected and the R&R is adopted, as modified by this Opinion.

I.

This Court reviews *de novo* those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). *See also U.S. Fidelity and Guar. Co. v. Thomas Solvent Co.,* 955 F.2d 1085, 1088 (6th Cir. 1992) (noting that a district court conducts *de novo* review of magistrate judge's rulings on dispositive motions); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an

objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 126 S. Ct. 1675, 1684 (2006).

## II.

On April 2, 2001, Petitioner pleaded guilty in the Kent County Circuit Court to one count each of unarmed robbery, home invasion and assault with intent to rob while armed. He was sentenced on May 15, 2001 to concurrent terms of five to fifteen years, seven to twenty years and nine to twenty years, respectively.

Petitioner did not file a direct appeal. On October 21, 2004, he filed a request for transcripts, which was denied by the circuit court. On March 31, 2005, Petitioner filed a motion for relief from judgment in the Kent County Circuit Court, which was denied on April 5, 2005. He appealed the denial to both the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal his motion on August 29, 2006. He filed the instant petition in the Eastern District of Michigan on or about September 11, 2006. The action was transferred to this Court on September 27, 2006.

The Magistrate Judge concluded that the habeas corpus petition was barred by the statute of limitations provided in 28 U.S.C. § 2244(d)(1). Petitioner objects to the R&R on the grounds that the statute of limitations is governed not by § 2244(d)(1)(A), but by § 2244(d)(1)(B).

Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[1] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

>   States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

As the Magistrate Judge discussed, in most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 544 U.S. 353, 357 (2005). Under that provision, the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." According to the application, Petitioner did not directly appeal his conviction to the Michigan Court of Appeals and Michigan Supreme Court. Therefore, Petitioner's convictions became final on January 24, 2003, at which point the statute of limitations began to run. *See* MICH. CT. R. 7.205(F)(3) (prohibiting applications for leave to appeal filed more than 12 months after entry of an order or judgment

4

on the merits). Under § 2244(d)(1)(A), therefore, the statute of limitations expired on January 24, 2004.

Petitioner does not dispute the Magistrate Judge's calculations. He argues, however, that the statute of limitations in the instant case should be governed by § 2244(d)(1)(B). He asserts that, because he pleaded guilty, Michigan law did not permit him to file an appeal as of right, but only an application for leave to appeal. *See* MICH. CONST. 1963, AR. 1, § 20 (as amended 1994). Further, Plaintiff contends that Michigan law prevented him from having appointed counsel on appeal. *See* MICH. COMP. LAWS § 770.3a (providing that "a defendant who pleads guilty, guilty but mentally ill, or nolo contendere, shall not have appellate counsel appointed for review of the defendant's conviction or sentence," except in limited situations). As a result, Petitioner contends that, especially in light of his limited education and lack of proficiency in English, state law effectively barred his right to appeal. He asserts that bar was lifted only when the Supreme Court decided *Halbert v. Michigan*, 545 U.S. 605 (2005), which struck down Michigan's law denying indigent defendants court-appointed attorneys to appeal their convictions based on guilty pleas. He argues that the *Halbert* decision, entered June 23, 2005, removed the state-created impediment to his appeal, triggering the statute of limitations under § 2244(d)(1)(B).

Petitioner's argument, while creative, is unpersuasive. Although Petitioner had no right to appellate counsel under Michigan law, he was not foreclosed from seeking appointment of counsel. A request for counsel would both have preserved the issue and

5

provided the opportunity to argue a statutory exception. According to the petition, however Petitioner never made a motion to appoint counsel until April 2006, long after his right to seek leave to appeal had expired. Moreover, regardless of whether he was represented, Petitioner remained free to file a *pro per* application for leave to appeal. As a result, contrary to Plaintiff's contentions, state law did not create an impediment to the filing of an appeal within the meaning of § 2244(d)(1)(B).

Arguably, Petitioner's claim that he is poorly educated and speaks little English may be construed as an argument that the limitations period should be equitably tolled for some unspecified time. The one-year limitation period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). As the Sixth Circuit repeatedly has held, equitable tolling of the AEDPA should be applied "sparingly." *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-09. To demonstrate entitlement to equitable tolling, a petitioner must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403; *Brown v. United States*, No. 01-1481, 2001 WL 1136000, at *3 (6th Cir. Sept. 21, 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Further, courts generally have declined to extend equitable tolling on a petitioner's mere assertion that his English proficiency is limited. *See Cobas v. Burgess*, 306 F.3d 441, 443-44 (6th Cir. 2002) (citing *Silvestre v. United States*, 55 F. Supp. 2d 266, 268 (S.D.N.Y. 1999), and *Roccisano v. United States*, 936 F. Supp. 96, 100 (S.D.N.Y. 1996), *aff'd* 1998 WL 382600 (2d Cir. May 5, 1998).

Moreover, as a factual matter, Petitioner has failed to allege with any specificity the extent to which his English proficiency is impaired. *Cf. Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006) (observing that a petitioner alleging limitations on English proficiency is not automatically entitled to tolling, though a clear demonstration of the inability to communicate in English may, in some circumstances, warrant tolling). Indeed, the documents filed in this Court reflect a good command of English and of legal procedures. Finally, Petitioner has made no allegations demonstrating that he exercised the requisite diligence in pursuing his rights. *See Pace*, 544 U.S. at 418. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

### III.

Having considered each of Petitioner's objections, the Court hereby denies Petitioner's objections and adopts the Report and Recommendation of the Magistrate Judge, as amended by this Opinion.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See, e.g., Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural grounds that it was barred by the statute of limitations. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed each of Petitioner's claims on the procedural ground that the petition is barred by the statue of limitations. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A judgment consistent with this Opinion shall be entered.


Date:   January 9, 2007              /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE